DANIEL COLLINS, RESPONDENT, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANT.

*Section* 11, *chap.* 876, *Laws of* 1869 — "*new office*" *within meaning of* — *power of common council to appoint clerk* — *how officers distinguished from employes.*

On the 7th of February, 1870, the common council of the city of New York passed a resolution authorizing the clerk of the common council to appoint an eighth assistant clerk of the board of aldermen. The plaintiff was appointed to that position, and brought this action to recover four months' salary.

*Held*, that the plaintiff was an officer, but that the office to which he was appointed was not a new one within the meaning of section 11, chapter 876, Laws of 1869, prohibiting the common council from creating any new office.

*Semble*, that the true test to distinguish officers from simple servants or employes, is in the obligation to take the oath prescribed by law.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict directed by the court.

*D. J. Dean*, for the appellants.

*W. C. Trull*, for the respondent.

DAVIS, P. J. :

This action is brought by the plaintiff to recover his salary, as eighth assistant clerk of the board of aldermen, for the months of September, October, November, December, 1871, and part of January, 1872.

On the 7th day of February, 1870, the common council adopted, and the mayor, on the same day, approved, the following resolution :

"*Resolved*, That the clerk of the common council be, and he is hereby authorized and empowered to appoint an additional clerk in his office, to be denominated the eighth assistant clerk of the board of aldermen, who shall perform such duties as may be assigned him by the said clerk of the common council; the salary of said clerk to be $2,000 per annum, payable monthly."

Under this resolution the clerk of the common council appointed the plaintiff, who took the official oath, and entered upon the duties of his office, and continued to discharge them till the 16th day of

January, 1872. His salary for the last four and a half months had not been paid. The only question made, is, whether the common council had power to authorize the appointment of an additional clerk. The question arises upon section 11 of chapter 876 of the Laws of 1869, which contains the following provision : "And the common council, or any head of department of the city of New York, are hereby prohibited from creating any new office," * * * "except as provided by acts passed by the legislature."

We see no reason to doubt that the plaintiff was an officer. His duties were those pertaining to an office. He was required by ordinance to take, and did take, the official oath; and he was amenable to all the penalties of statute for neglect or violation of official duties. Probably the true test to distinguish officers from simple servants or employes, is in the obligation to take the oath prescribed by law. But we are of opinion that his appointment was not the creation of a " *new office*," within the meaning of the prohibition contained in the act of 1869. The office of clerk and of deputy clerk, was an existing and old one. The number of deputies was not prescribed by law. It might be more or less, according to the exigencies of business, and was to be regulated by ordinances of the common council, which must be presumed to be passed with a view to such exigencies. The legislature, by the charter of 1857, gave authority to the clerk of each board of the common council, to appoint and remove deputy clerks in his departments, to the number authorized by ordinance.* But, if the appointment of an additional deputy clerk, when authorized by ordinance, would be in a certain sense " creating a new office," it seems to us the exception in the act of 1869, prevents our regarding it as falling within the prohibition. The restriction is upon the creation of a new office, " except as provided by acts passed by the legislature." The act of 1857, above referred to, empowered the clerk to appoint deputies to the number authorized by ordinance of the common council, and the exception was probably inserted to prevent the prohibition attaching to restrain the addition of such deputies as the law expressly authorized, when the common council should adjudge such addition to be necessary. Besides, the appointment of plaintiff seems to be authorized under the charter of 1870.

* Laws of 1857, chapter 446, section 36.

Section 19 of that charter provides, that " the clerk of each board shall appoint or remove, at his pleasure, deputy clerks in his depart-. ment, not to exceed the number now authorized by law or ordi-nance." The ordinance authorizing the appointment of an eighth assistant, was passed February 7, 1870. The charter was passed April 5, 1870. The plaintiff was appointed June 15, 1870. Unless we regard the ordinance of February 7, 1870, authorizing the appointment of an additional assistant, as an absolute nullity, the appointment of plaintiff came within the number which the clerk could appoint under the charter of 1870.

We think the judgment should be affirmed.

DANIELS and BRADY, JJ., concurred.

Judgment affirmed.